UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | No. 2:15-cv-00356 AC P |
| Petitioner, | |
| v. | ORDER |
| JOHN N. KATAVICH,<br>Warden, Wasco State Prison, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). See ECF No. 5.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Review of the petition indicates that petitioner was sentenced to a prison term of 13 years, 8 months, following his January 2014 conviction for attempted extortion, dissuading a witness, and stalking. Although now incarcerated at California State Prison Solano, petitioner challenges the calculation of his classification score by Correctional Counselor Gibbens when petitioner was initially incarcerated at Wasco State Prison. Petitioner asserts that he should have received 10,

not 12, points for his detention and/or arrest in the 1990's, and should not have received 4 points for a serious rule violation in 2010. Petitioner avers that these extra 6 points "cause a restraint on my liberty and freedom and due process" and mean that he "can't be released earlier by way of good behavior and being transferred to a level 2 minimum custody where I can gain a 2 for 1 credit status []." Petitioner seeks an order of this court directing the Warden of Wasco State Prison "to investigate and correct my classification points and forward order to my current location." ECF No. 1 at 6. Petitioner states that an appeal is pending on his 2014 conviction, in the California Court of Appeal, and that he has not sought direct or collateral review in the California Supreme Court. Id. at 2-4.

A state prisoner may pursue habeas corpus relief under 28 U.S.C. § 2254 "only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, "habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not *necessarily* shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (emphasis added) (citing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)).

"Claims which pertain to prisoner's classifications, especially individual custodial classification scores, are not cognizable in a federal habeas petition," Davidson v. McClintock, 2014 WL 2921900, *1 (D. Ariz. 2014) (collecting cases), because a judgment in petitioner's favor would not "necessarily accelerate [his] release," Ramirez, 334 F.3d at 859. "[A] challenge to classification status lack[s] habeas jurisdiction because the prisoner 'would not be released from confinement or even be provided with a lesser term of confinement; rather, at most, he would receive a different or lower classification score.'" Davidson, 2014 WL 2921900 at *1 (quoting Franklin v. Gipson, 2013 WL 1339545, *2 (C.D. Cal. 2013)).

In addition, in the present case, it is clear that petitioner has not exhausted his state court remedies. The exhaustion of available state remedies is a prerequisite to a federal court's

consideration of claims sought to be presented in habeas corpus proceedings.  See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982); see also Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (completely unexhausted petition asserted viable claims must be dismissed without prejudice).

For these reasons, the court finds that it is without jurisdiction to consider the instant petition, which will therefore be dismissed.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 2, is granted;

2. The petition is dismissed for lack of jurisdiction, see Rule 4, Rules Governing § 2254 Cases;

3. Petitioners' request that the court "stamp and certify" his "Petition to Obtain Report of Law Enforcement Agency," for the purpose of obtaining his juvenile records, ECF No. 6, is denied as moot; and

4. This action is closed.

DATED: April 21, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3